## SOOY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5946.

Circuit Court of Appeals, Ninth Circuit. April 28, 1930.

Neil E. Larkin, of San Francisco, Cal. (J. H. Sapiro, of San Francisco, Cal., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

DIETRICH, Circuit Judge.

Appellant seeks review of an "order of redetermination" entered by the Board of Tax Appeals, October 4, 1928, affecting his income and profits taxed for the calendar year 1919. The sole question involved is of the application of the statute of limitations, and the facts are undisputed.

Pursuant to the provisions of section 274 (a) of the Revenue Act of 1924 (26 USCA § 1048 note), the commissioner, on January 29, 1925, mailed to appellant a notice of deficiency in his tax return for 1919, in the sum of $1,605.85. In due time, on March 28, 1925, he filed with the Board of Tax Appeals his petition appeal praying for a review, and as a ground therefor he specified that the Commissioner had erred in declining to allow a deduction he had made in his return of $5,000 on account of bad debts. On February 2, 1928, after hearing, the Board filed its opinion holding that the allowance should have been made and that, in so far as it was affected by that item, the determination of the Commissioner was erroneous. Acting pursuant to the Board's rule No. 50, the Commissioner, on July 28, 1928, filed with the Board a proposed "re-determination" in harmony with its decision, and on October 1, 1928, appellant filed an "alternative proposed re-determination," wherein he contended, as he now contends, that, inasmuch as his return had been filed on or before March 15, 1920, and the Commissioner had failed "to assess, demand, or collect" the taxes "on or before May 14, 1925, he was barred by the provisions of section 277 (a) and 277 (b) of the Revenue Act of 1924 (26 USCA § 1057 note) * * * from determining, assessing, demanding, or collecting any income tax for the year 1919." Upon consideration of the opposing applications, the Board, allowing $5,000 for bad debts, entered the order now appealed from, by which it held the deficiency in appellant's return to be $798.28 instead of $1,605.85, as had been determined by the Commissioner.

The determination of the Commissioner was a unit, and from it appellant took his appeal. Whether it was susceptible to division we need not decide, for appellant did not attempt to divide it. The language of his petition to the Board is: "The above named taxpayer hereby appeals from the determination of the Commissioner of Internal Revenue set forth in his deficiency letter," etc. The deficiency letter referred to advised appellant that: "An audit of your income tax return for the year 1919 in connection with an examination of your books of account and records discloses a deficiency in tax amounting to $1,605.85." True, as a ground for his appeal, he assigned the disallowance of his claimed deduction for bad debts, but that consideration does not alter the fact that his appeal was from the Commissioner's "determination" of his deficiency in the amount of $1,605.85. It could as reasonably be argued that an appeal from a final judgment for a stated single amount does not operate as a supersedeas merely because appellant assigns as error only the inclusion in the verdict of interest or some other item constituting a part of the amount of the judgment.

Moreover, the view for which appellant contends not only has no express statutory sanction but in practice would impose upon the Commissioner the burden of making assessments and collections in piecemeal and would result in additional expense and intolerable confusion. In computing income taxes a statutory rate must be selected appropriate to the total amount of taxable income considered as a single unit, and, until there is a determination of such income, in many cases, at least, no computation can be intelligently or safely made. The consideration may not be of great moment in the present instance, but general rules are not to be ignored because of special cases. And even here, we note that, whereas in his petition appellant contended that the allowance of the bad debts would operate to reduce the Commissioner's determination of deficiency to $718.28, the Board, after allowing the deduction, held the deficiency to be $798.28; and the correctness of its computation or finding appellant does not now challenge.

Affirmed.