## VON WEISE et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 9788.

Circuit Court of Appeals, Eighth Circuit.
Feb. 23, 1934.

C. Powell Fordyce and Abraham Lowenhaupt, both of St. Louis, Mo. (Lowenhaupt & Waite and Fordyce, White, Mayne & Williams, all of St. Louis, Mo., on the brief), for petitioners.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining the deficiency in the income taxes of Philip D. C. Ball, for the year 1926, in the sum of $67,786.62.

Subsequent to the filing of the petition, Ball died, and his executors were substituted as petitioners. The term "petitioner" is,

for convenience, hereafter used as referring to Ball.

No review is sought of the Board's redetermination for the year 1925, which was made in the same decision.

Two questions are presented: (1) Whether petitioner received recognizable gain from exchange of his stock in one corporation for stock in another; and (2) whether the assessment and collection of deficiency, or any part thereof, was barred by the statute of limitations..

It appears that in 1922 the petitioner purchased, for $41,115, 8,223 shares of the common stock of the Federal Cold Storage Company, a Missouri corporation, which at that time had outstanding 15,000 shares of common stock of the par value of $5 each, and 10,000 shares of 8 per cent. nonvoting preferred stock of the par value of $100 each.

In December, 1925, petitioner entered into an agreement with the City Ice & Fuel Company of Cleveland, Ohio, under which said company agreed to purchase all of the common stock of the Federal Cold Storage Company, and also the stock of several other corporations in which petitioner was interested, at an agreed price made up partly of the common stock, having no par value, of said City Ice & Fuel Company, and partly of bonds of said company, and partly of cash. The sale was carried out, and the net result to petitioner was that, in exchange for $10 in cash and his 8223 shares of stock in the Federal Cold Storage Company, having a value then of $383,740, he received 15,350 shares of the City Ice & Fuel Company of Cleveland, Ohio, having no par value, but having an actual value when received of $25 per share, or a total of $383,750.

The City Ice & Fuel Company also purchased under said agreement all of the remaining common stock of the Federal Cold Storage Company, held by other stockholders. The City Ice & Fuel Company did not, however, acquire any of the outstanding 10,000 shares of nonvoting preferred stock of the Federal Cold Storage Company, and this last-named company retained its charter, all of its properties, and continued to do business as a separate corporation.

The petitioner reported no gain from this transaction on the ground that it was an exchange of stock for stock in a reorganization. The Commissioner, however, determined that the transaction was not a reorganization within the meaning of section 203 (h) of the Revenue Act of 1926 (26 USCA § 934 (h); but that petitioner realized a taxable gain of $342,635, the difference between $383,750, the sum he obtained for his stock in the transaction, and $41,115, the sum he paid for the same in 1922.

The Board of Tax Appeals affirmed the Commissioner.

The present petition for review followed.

The relevant statutes as to the two questions involved are set out in the margin.[1]

---

[1] As to Question 1.

Revenue Act of 1926.

"Sec. 2. * * * (b) The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." (26 USCA § 1262).

"Sec. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202 [section 933 of this title], shall be recognized, except as hereinafter provided in this section.

"(b) * * * (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization. * * *

"(h) As used in this section and sections 201 and 204 [sections 932 and 935]—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected." (26 USCA, § 934) (a), (b) (2), (h) (1).

As to Question 2.

Revenue Act of 1926.

"Sec. 274. (a) If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commis-

## Was the Exchange of Stock a Reorganization?

The answer to question 1 turns largely on the meaning of the word "reorganization" in the relevant statute.

We are not unmindful of the learning and research disclosed by counsel for petitioners in their discussion of this first question. We think, however, it would serve no useful purpose to enter at length upon the discussion at this time. One of the cardinal rules for construing statutes is that the words used are to be given their common, ordinary meaning in the absence of indication in the statute or in the surrounding circumstances to the contrary; but, if a definition of the word is given in the statute, that definition is controlling. 59 C. J. pp. 948, 974; Lewis' Sutherland, Statutory Construction (2d Ed.) §§ 389, 390.

The keywords of section 203 (h) (1) of the Revenue Act of 1926 (26 USCA § 934 (h) (1) are "reorganization," "merger," and "consolidation."

We are told by section 203 (h) (1) that the word "reorganization" has, as used in the section, several meanings. In the present case, we are mostly interested in mean-

---

sioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section [sections 1048b or 1048d of the title] or in sections 279, 282, or 1001 [sections 1051, 1063, 1071, or 1224 of this title], no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes [section 154 of this title] the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court." (26 USCA § 1048).

"(b) If the taxpayer files a petition with the board, the entire amount redetermined as the deficiency by the decision of the board which has become final shall be assessed and shall be paid upon notice and demand from the collector. * * *" (26 USCA § 1048a).

"(d) The taxpayer shall at any time have the right, by a signed notice in writing filed with the commissioner, to waive the restrictions provided in subdivision (a) of this section [section 1048 of this title] on the assessment and collection of the whole or any part of the deficiency." (26 USCA § 1048b).

"Sec. 277. (a) Except as provided in section 278 [sections 1058 to 1062 of this title]—

"(1) The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period." (26 USCA § 1057).

"Sec. 278. * * * (d) Where the assessment of any income, excess-profits, or war-profits taxes imposed by this chapter or by prior Act of Congress has been made (whether before or after the enactment of this Act [May 29, 1928]) within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act [May 29, 1928]), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer." (26 USCA § 1061 and note).

Revenue Act of 1928.

"Sec. 504. *Suspension of Running of Statute of Limitations.*

"(a) Section 277 (b) of the Revenue Act of 1926 is amended to read as follows:

"'(b) The running of the statute of limitations provided in this section or in section 278 [sections 1058 to 1062 inclusive], on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274 [section 1048]) be suspended for the period during which the commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for 60 days thereafter.'

"(b) Subsection (a) of this section shall apply in all cases where the period of limitation has not expired prior to the enactment of this Act." (26 USCA § 1057 and note).

ing (A), which is given as "a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation)."

Section 2 (b) of the act (26 USCA § 1262 (b) states: "The terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined."

As to the meaning of "merger" and of "consolidation," we find that in the Century Dictionary "merger" is defined as "the sinking or obliterating of one identity in another"; in Webster's New International Dictionary thus: "An absorption of one estate, or of one contract or interest, in another"; and in a note is added: "With reference to corporations merger is used to denote the vesting of the control of different corporations in a single one by the issue of stock of the controlling corporation in place of a majority of the stock of the others, and is distinguished from a consolidation, which in strictness implies that the consolidating companies dissolve, their property and business being transferred to a single company."

"Consolidation" is defined in the Century Dictionary as "the act of bringing together and uniting several particulars, details or parts into one body or whole."

In Webster's New International Dictionary "consolidate" is thus defined: "To cause to become united and extinguished in a superior right or estate by both becoming vested in the same person; to merge."

In the case of Pinellas Ice & Cold Storage Co. v. Commissioner (C. C. A.) 57 F. (2d) 188, 190, the court explained these two terms as follows: "In a merger one corporation absorbs the other and remains in existence while the other is dissolved. In a consolidation a new corporation is created and the consolidating corporations are extinguished."

This distinction between merger and consolidation is a common one and often, though not always, recognized. See Words and Phrases, Second and Third Series.

The purpose and function of the words in the parenthesis in section 203 (h) (1) in the Revenue Act of 1926 are thus stated by the Supreme Court in affirming the Pinellas

Case, 287 U. S. 462, 469, 53 S. Ct. 257, 260, 77 L. Ed. 428: "The words within the parenthesis may not be disregarded. They expand the meaning of 'merger' or 'consolidation' so as to include some things which partake of the nature of a merger or consolidation but are beyond the ordinary and commonly accepted meaning of those words —so as to embrace circumstances difficult to delimit but which in strictness cannot be designated as either merger or consolidation."

In Cortland Specialty Co. v. Commissioner (C. C. A.) 60 F.(2d) 937, 939, the court in its opinion said: "Reorganization, merger, and consolidation are words indicating corporate readjustments of existing interests. * * * Reorganization is defined in subdivision (h) (1) (A) as including 'a merger or consolidation.' A merger ordinarily is an absorption by one corporation of the properties and franchises of another whose stock it has acquired. The merged corporation ceases to exist, and the merging corporation alone survives. A consolidation involves a dissolution of the companies consolidating and a transfer of corporate assets and franchises to a new company. In each case interests of the stockholders and creditors of any company which disappears remain and are retained against the surviving or newly created company."

It seems to us clear from the foregoing definitions and elucidations that in the case at bar there was neither a merger nor a consolidation within the meaning of those terms as used in the statute. After the completion of the transaction above set out, both corporations still existed; each retained its own charter; both continued to do business as separate, distinct corporations. The main changes which had been accomplished were that some of the old stockholders in the Federal Cold Storage Company had become stockholders in the City Ice & Fuel Company; and that the last-named company had become the owner of all of the common stock of the Federal Cold Storage Company.

Nor was there a reorganization within the meaning of the terms "merger" and "consolidation" as expanded by the language contained in the parenthesis in section 203 (h) (1) (A). This conclusion inevitably follows because the transaction was not within the scope of the language within the parenthesis. That language plainly required that the purchasing corporation should acquire, not only a majority of the voting stock, but also "at least a majority of

the total number of shares of all other classes of stock" of the other corporation. It is conceded that this provision was not complied with by the City Ice & Fuel Company.

Our conclusion is that the transaction did not constitute a reorganization within the meaning of the statute. Pinellas Ice Co. v. Commissioner, supra; Cortland Specialty Co. v. Commissioner, supra; Prairie Oil & Gas Co. v. Motter (C. C. A.) 66 F.(2d) 309; United States v. Siegel (C. C. A.) 52 F. (2d) 63. See, also, Redington v. Commissioner, 25 B. T. A. 707.

### The Statute of Limitations.

█ The relevant statutes have been heretofore set out in the margin. Section 277 (a) (1) (26 USCA § 1057) provides that the amount of income taxes imposed by the act shall be assessed within three years after the return is filed.

Section 274 (a), 26 USCA § 1048 and section 277 (b), as amended by section 504 of the Revenue Act of 1928 (26 USCA § 1057), provide that the running of the statute for the assessment of a deficiency shall, after the mailing by the Commissioner of a notice of deficiency, be suspended for the period during which the Commissioner is prohibited from making an assessment as provided by the statute; and, if a proceeding in respect of the deficiency is placed on the docket of the Board of Tax Appeals, the suspension continues until the decision of the Board becomes final and for sixty days thereafter.

Section 274 (d), 26 USCA § 1048b, provides for a waiver by the taxpayer on the restriction as to the assessment and collection.

The facts in the case at bar to which these statutory provisions are to be applied are undisputed and as follows: Petitioner filed his income tax return for 1926 on March 15, 1927. Under the statute, the period of limitation for assessment would ordinarily have expired March 15, 1930. However, on August 14, 1928, the Commissioner mailed petitioner a notice of determination of deficiency for 1926 in the amount of $68,429.82. Within sixty days thereafter, petitioner filed with the Board of Tax Appeals a petition for redetermination of the deficiencies set forth by the Commissioner in his notice. These proceedings suspended the running of the statute upon assessment of the deficiency unless there was a waiver by the taxpayer.

The petitioners contend that there was a waiver and that it was contained in the petition for redetermination to the Board of Tax Appeals. That petition contained the following paragraph: "The taxes in controversy are income taxes for the calendar years 1925 and 1926, and the deficiencies proposed to be assessed are $10,674.62, for the year 1925, and $68,429.82, for the year 1926. Petitioner contends that none of said deficiency proposed for the year 1925 is due, but that he has overpaid his taxes for said year. Petitioner concedes a deficiency of $22,654.00 for 1926, and the remainder of the deficiency found by the Commissioner of Internal Revenue for said last mentioned year is in controversy."

Petitioner contends that the concession of a deficiency of $22,654 for 1926 contained in the petition constituted a waiver; and that therefore the statute of limitations continued to run as to the assessment and collection of $22,654.

We do not agree with these contentions. First, the statute [section 274 (d)] was not complied with. The paragraph which is relied upon in the petition was not, in our opinion, the signed notice required by the statute, nor the equivalent thereof; nor was any notice filed with the Commissioner by the taxpayer. That the petition was served upon the Commissioner by the Board of Tax Appeals in accordance with its rules cannot, we think, be considered as a compliance with the statutory requirements as to waiver.

Second, the construction of the statute contended for by petitioner would impose upon the Commissioner the burden of making assessments and collections in piecemeal. We do not think the statute contemplates such a procedure. The tax which is imposed by the statute is for the year involved, and is treated as a unit. The deficiency referred to in the notice by the Commissioner and in the petition for redetermination by the Board of Tax Appeals is treated as a unit in the provisions of the statute.

In Sooy v. Commissioner (C. C. A.) 40 F.(2d) 634, 635, a similar case to the one at bar, the court in its opinion said: "Moreover, the view for which appellant contends not only has no express statutory sanction but in practice would impose upon the Commissioner the burden of making assessments and collections in piecemeal and would result in additional expense and intolerable confusion. In computing income taxes a statutory rate must be selected appropriate

to the total amount of taxable income considered as a single unit, and, until there is a determination of such income, in many cases, at least, no computation can be intelligently or safely made." See, also, Pabst v. Lucas, 59 App. D. C. 154, 36 F. (2d) 614; Atlas Plaster & Fuel Co. v. Commissioner (C. C. A.) 55 F.(2d) 802.

Our conclusion is that the decision of the Board of Tax Appeals and its order of redetermination were correct as to both of the questions involved. The decision and order are affirmed.