HELVERING, Commissioner of Internal Revenue, v. WINSTON BROS. CO.

No. 10097.

Circuit Court of Appeals, Eighth Circuit.
March 9, 1935.

J. P. Jackson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Arnold Baum, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Howe P. Cochran, of Washington, D. C. (C. Leo DeOrsey, of Washington, D. C., and Junell, Driscoll, Fletcher, Dorsey & Barker, of Minneapolis, Minn., on the brief), for respondent.

Before WOODROUGH, Circuit Judge, and FARIS and DONOHOE, District Judges.

WOODROUGH, Circuit Judge.

This is an appeal from an order of the Board of Tax Appeals (29 B. T. A. 905) overruling the Commissioner's determination of a deficiency in the respondent's income tax for the year 1928 in the amount of $17,653.76.

The facts, as found by the Board of Tax Appeals, may be stated briefly. Prior to September 1, 1928, the Winston Bros. Company, a Minnesota corporation, owned 4,872 of a total of 7,124 shares, or slightly more than 68 per cent., of the outstanding common stock of Winston-Dear Company, and none of its preferred stock. On August 9, 1928, at a special meeting of the stockholders of both the Winston Bros. Company and the Winston-Dear Company, resolutions were adopted approving a plan of reorganization of the two companies. On September 1, 1928, pursuant to this plan, the taxpayer acquired all of the assets and assumed all of the liabilities of the Winston-Dear Company, and gave in exchange therefor 1,803 shares of the taxpayer's common stock and 1,116 shares of its preferred stock. The preferred stock was distributed to the preferred stockholders of the Winston-Dear Company share for share. The shares of the taxpayer's common stock issued to the Winston-Dear Company were distributed pro rata by the Winston-Dear Company to its common stockholders. The taxpayer, among the other stockholders of the Winston-Dear Company, received back, as its pro rata share, certificate No. 124, representing 1,232 shares, which it immediately retired. All of the stock of Winston-Dear Company was thereupon surrendered, canceled, and the corporation dissolved.

The Commissioner determined that the taxpayer derived a profit from this reorganization in the amount of $147,114.72, which was taxable under section 115 (c) of the Revenue Act of 1928 (26 USCA § 2115 (c), as a liquidating dividend on the stock it owned in the Winston-Dear Company. This gain represented "the excess of the value of 4872/7124 of the assets (of the Winston-Dear Company) at the time of the reorganization over the value on March 1, 1913, of the 4,872 shares of common stock of that company owned" by the taxpayer "on September 1, 1928." The taxpayer contends that the transaction resulted in a merger of the two corporations with the various stockholders of the merged company receiving, in exchange for their stock, stock in the absorbing company, and that section 112 (b) (3) of the Revenue Act of 1928 (26 USCA § 2112 (b) (3), expressly exempts from taxation any profit so realized. The Board of Tax Appeals originally sustained the Commissioner (28 B. T. A. 1248), but, upon reconsideration, withdrew its decision and held in favor of the taxpayer.

Section 112 (b) (3), 26 USCA § 2112 (b) (3), provides:

"Stock for stock on reorganization. No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization."

Section 112 (i) (1) defines "reorganization" as follows:

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor

or its stockholders or both are in control of the corporation to which the assets are transferred. * * *

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation." 26 USCA § 2112 (i) (1, 2).

The transactions entered into reflect the absorption of the Winston-Dear Company by the taxpayer. To achieve this the taxpayer exchanged a part of its stock for the outstanding stock of the Winston-Dear Company and acquired all of the assets and assumed all of the liabilities of the Winston-Dear Company. The stockholders of the transferor corporation to whom the taxpayer's stock was distributed retained a continuing interest in the business, now proceeding under a modified corporate form. Mergers or consolidations contemplate that the interests of the stockholders shall be retained in the surviving or newly created corporation. Prairie Oil & Gas Co. v. Motter (C. C. A. 10) 66 F.(2d) 309; C. H. Mead Coal Co. v. Commissioner (C. C. A. 4) 72 F.(2d) 22; Cortland Specialty Co. v. Commissioner (C. C. A. 2) 60 F.(2d) 937, 939; Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U. S. 462, 53 S. Ct. 257, 77 L. Ed. 428. See, also, Von Weise v. Commissioner (C. C. A.) 69 F.(2d) 439. In Cortland Specialty Co. v. Commissioner, supra, the court said:

"Reorganization is defined in subdivision (h) (1) (A) [26 USCA § 934 (h) (1) (A)], as including 'a merger or consolidation.' A merger ordinarily is an absorption by one corporation of the properties and franchises of another whose stock it has acquired. The merged corporation ceases to exist, and the merging corporation alone survives. A consolidation involves a dissolution of the companies consolidating and a transfer of corporate assets and franchises to a new company. In each case interests of the stockholders and creditors of any company which disappears remain and are retained against the surviving or newly created company."

And further: "In defining 'reorganization,' section 203 of the Revenue Act [26 USCA § 934] gives the widest room for all kinds of changes in corporate structure, but does not abandon the primary requisite that there must be some continuity of interest on the part of the transferor corporation or its stockholders in order to secure exemption. Reorganization presupposes continuance of business under modified corporate forms."

The transaction involved here was in fact a merger of the two corporations within the intent and purpose of section 112 of the Revenue Act of 1928 (26 USCA § 2112); the stock of the taxpayer taking the place of the stock of the merged corporation. Although a change in corporate structure was effected, the interests of stockholders and creditors in the new form were continued. Under the statute a gain derived by stockholders in an exchange of stock upon reorganization is not recognized for tax purposes. Although the surviving corporation (Winston Bros. Company) was one of the stockholders in the merged corporation and received in the exchange upon reorganization a part of its own stock, the character of the reorganization thus effected was not altered or destroyed. If the transaction was in effect an exchange of stock for stock in carrying out a plan of reorganization, it follows that the taxpayer was equally entitled with other stockholders to claim an exemption from tax upon the profit incidental to the exchange under section 112 (b) (3), 26 USCA § 2112 (b) (3).

The legitimate business purpose sought to be attained by the modification of the corporate structure distinguishes this case from Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 79 L. Ed. ——, decided January 7, 1935, involving a reorganization condemned by the court as a "mere device which put on the form of a corporate reorganization as a disguise for concealing its real character." The undertaking here was germane to the successful conduct of the business, and in accomplishing its legitimate business purposes it effected a continuance of the interests of stockholders of the transferor corporation in the surviving corporation. We think the transaction comes within the exemption provided in section 112 (b) (3) of the Revenue Act of 1928, and no gain should be recognized.

The decision of the Board of Tax Appeals is affirmed.