**BANNER MACH. CO. v. ROUTZAHN,**
Collector of Internal Revenue.

No. 7526.

Circuit Court of Appeals, Sixth Circuit.

Nov. 9, 1939.

John W. Ford, of Youngstown, Ohio (Manchester, Ford, Bennett & Powers, of Youngstown, Ohio, on the brief), for appellant.

Alexander Tucker, of Washington, D. C. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and E. E. Angevine, Sp. Assts. to Atty. Gen., on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a judgment dismissing appellant's petition for refund of income taxes paid for the period from January 1, 1928, to July 12, 1928. Jury trial was waived, and the facts are stipulated. The sole question is whether disposition of appellant's assets and business on July 12, 1928, was made pursuant to a plan of reorganization, merger, or consolidation, to which appellant was a party, as contended by appellant, or whether, as urged by appellee, it was an outright sale. If appellant's contention is correct, no gain is recognized in the transaction under Section 112(b) (4) of the Revenue Act of 1928, 45 Stat. 791, 816, 26 U.S.C.A. § 112(b) (4).

■ Appellant, a manufacturer of rubber machinery and equipment, was an Ohio corporation with stock outstanding of 104 shares preferred and 15,000 shares common. The majority stockholders of the corporation agreed with one Francis Quinn, a promoter, that Quinn should purchase appellant's assets and business for $500,000 cash and 4,000 shares of common stock of the National Rubber Machinery Company, a corporation to be organized to take over the business and assets of appellant and three other corporations.

The new corporation was to be organized with an issue of 152,000 shares of common stock and $1,300,000 first mortgage bonds. Certain of the common stock was to be used for the conversion of the bonds and to be sold to the underwriters and promoter, and 50,000 shares were to be distributed among the four corporations transferring their assets to the new corporation. The liabilities of appellant, totalling $42,230.97, were to be assumed by the new corporation. Under the transfer agreement, appellant could not sell the shares of the National Rubber Machinery Company to any other than holders of shares in the new corporation for a year and a half from the date of issue.

The new corporation was organized in accordance with the plan outlined above. Quinn assigned his contracts with the four corporations to the new corporation, and all instruments of conveyance and transfer were executed by appellant in accordance with the contract. The transfer was completed, and appellant received $500,000 in cash and 4,000 shares in the new corporation. It distributed the cash among its stockholders on July 18th. On July 12th the 4,000 shares had been delivered to a bank in escrow to be sold under a sixty-day option agreement with the underwriter, which was accepted on behalf of appellant on July 5th. The consideration paid for the option was $2,000. On September 10, 1928, the underwriter paid the escrow agent an additional $94,000 under the terms of the option, and this amount was delivered to appellant, which at once distributed the money among the stockholders. The legal dissolution of appellant corporation followed on October 1, 1928.

The case arises under the Revenue Act of 1928, the material sections of which are printed in the margin.[1]

---

[1] Section 112(a): "Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section." 26 U.S.C.A. § 112(a).

Section 112(b) (4): "No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization." 26 U.S.C.A. § 112(b) (4).

Section 112(d): "If an exchange would be within the provisions of subsection (b) (4) of this section if it were not for the fact that the property received in ex-

change consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

"(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

"(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such

If, as contended by appellant, the transaction was made pursuant to a plan of reorganization, merger or consolidation, no gain is recognized in the transaction under Section 112(b) (4). The District Court held upon the authority of Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 80 L.Ed. 284, that no such substantial interest in the acquiring corporation was received by appellant as would bring it within the meaning of consolidation or merger as defined in Section 112(i), 26 U.S.C.A. § 112 note, and that Section 112(b) (4) therefore did not apply.

We agree with the District Court that this transaction was not a consolidation or merger within the definition of the statute. In the Minnesota Tea Company case, while the Supreme Court states that the statute covers situations outside of strict merger or consolidation, it reaffirms the limitation laid down in Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, 470, 53 S.Ct. 257, 260, 77 L.Ed. 428, that "the mere purchase for money of the assets of one company by another is beyond the evident purpose of the provision, and has no real semblance to a merger or consolidation."

In substance, the instant case presents nothing but the purchase of appellant's assets. It is true that in addition to cash, stock was received; but the purpose to reduce that stock to cash was clearly shown by the giving of the option to the underwriter for the sale of the stock prior to the receipt thereof. Appellant in effect discounted the stock for cash. The two corporations in fact did not contemplate a reorganization, merger or consolidation. Appellant, in the letter sent to the stockholders for the purpose of explaining the transaction, stated "Your Company having sold all of its assets and business on July 12, 1928, is now in process of final liquidation and dissolution." In the petition for refund appellant points out that it is in process of liquidation. Appellant did not wish to retain any interest whatever in the new corporation.

Appellant relies upon Miller v. Commissioner, 6 Cir., 84 F.2d 415, but this case is not controlling here. As interpreted in the Minnesota Tea Company and the Pinellas Ice & Cold Storage Company cases, supra, the statute embraces circumstances "difficult to delimit." It follows that cases arising under this statute will necessarily be decided upon their peculiar facts. The Supreme Court, in the Minnesota Tea Company case [296 U.S. 378, 56 S.Ct. 272, 80 L.Ed. 284], went on to say that the interest which would permit a taxpayer to claim exemption under this statute "must be definite and material; it must represent a substantial part of the value of the thing transferred. This much is necessary in order that the result accomplished many genuinely partake of the nature of merger or consolidation." Here the interest in the new corporation was of the value of $96,000 as compared with $500,000 cash received. We do not consider that this interest, of which the corporation immediately desired to divest itself, was so substantial a part of the value of the new corporation that any genuine merger or consolidation existed in the transaction.

The Commissioner did not err in taking into consideration the entire selling price in taxing the profits.

The judgment is affirmed.

other property so received, which is not so distributed." 26 U.S.C.A. § 112(d).

Section 112(i): "As used in this section and sections 113 and 115—

"(1) The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) the transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

"(2) The term 'a party to a reorganization' includes a corporation resulting from a reorganization and includes both corporations in the case of an acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation." 26 U.S.C.A. § 112 note.