## FISHER et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7820.

Circuit Court of Appeals, Sixth Circuit.
Dec. 15, 1939.

Benjamin E. Jaffe, of Detroit, Mich., for petitioners.

Arnold Raum, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Arnold Raum, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This case arises upon petition to review a decision of the Board of Tax Appeals (34 B.T.A. 1215), assessing a deficiency in income tax against the petitioners upon a joint return by husband and wife for the taxable year 1930. The sole question presented is as to the proper basis to be used in computing gain upon the sale by petitioner Charles T. Fisher in 1930 of common stock of General Motors Corporation acquired in 1926 in an exchange for stock of the Fisher Body Corporation. If gain from the exchange is not recognized, the proper basis for computing the gain from the sale is the original cost to petitioners of the Fisher Body Corporation stock. If the gain from the exchange was taxable in 1926, the proper basis is the fair market value at the time of exchange of the General Motors stock, which results in a reduced tax for petitioners. The specific deficiency here assessed is not contested, but the question as to the taxable character of the exchange is raised by an amended petition filed with the Board eight months after the statute of limitations had run against the respondent, preventing an additional assessment for 1926. The Board of Tax Appeals held that the 1926 transaction was a non-taxable reorganization under § 203 of the Revenue Act of 1926 (44 Stat. 9), which provides that no gain or loss shall be recognized if stock or securities in a corporation, a party to a reorganization, are in pursuance of the plan of reorganization exchanged solely for stock or securities in such corporation or in another corporation, a party to the reorganization, and defines reorganization as meaning, among other things, a "merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation)."

The facts as stipulated and found by the Board are as follows:

In 1930 petitioner Charles T. Fisher sold 51,000 shares of General Motors Corporation stock, all of which had been received through an exchange of stock of the Fisher Body Corporation acquired by petitioner Charles T. Fisher many years before. In 1926 General Motors Corporation owned about fifty-eight per cent. of the outstanding capital stock of the Fisher Body Corporation. In 1926 it purchased all of the assets of the Fisher Body Corporation in a transaction which resulted in the liquidation of the Fisher Body Corporation and an exchange of Fisher shares for stock in General Motors Corporation. No tax was paid by petitioners with respect to any gain upon the exchange of the Fisher Body stock for the General Motors stock. The stock sold by petitioner Charles T. Fisher in 1930 was derived from the stock acquired in this exchange, augmented by stock dividends. Fisher reported as gain from the sale in 1930 the difference between the sales prices and the original cost of the Fisher stock. In reporting all other profits on sales of General Motors stock in other years, petitioners used the same basis. In the amended petition, filed November 6, 1934, petitioners for the first time claimed that there was a taxable gain in the exchange of 1926, and that the basis for computing gain on the sale of the General Motors shares should therefore be the fair market value of the General Motors shares at the time of the exchange. The Board decided that gain upon sale of the General Motors stock must be measured by the cost basis of the Fisher stock.

Petitioners contend that the 1926 transaction was not an exchange of stock in pursuance of a reorganization, but was a sale of the assets of the Fisher Body Corporation in pursuance of its complete liquidation, and therefore not covered by § 203 of the Revenue Act of 1926. This contention is untenable. While the assets were unquestionably sold, the record contains a formal plan of reorganization, signed by the president of the Fisher Body Corporation by order of its board of directors, providing for the acquisition of the properties of the Fisher Body Corporation by the General Motors Corporation. The Fisher Body Corporation was dissolved prior to the transfer of its assets by the directors to General Motors Corporation, but the directors acted for the corporation in the transfer of the assets and in pursuance of the plan of reorganization. Cf. Taylor Oil & Gas Co. v. Commissioner, 5 Cir., 47 F.

2d 108; Hellebush v. Commissioner, 6 Cir., 65 F.2d 902; First Nat. Bank of Greeley, Colo. v. United States, 10 Cir., 86 F.2d 938.

All steps in the transaction were carried out in accordance with the plan, and the Fisher Body Corporation was absorbed by General Motors Corporation.

Since the exchange was pursuant to a plan of reorganization, the fact that the Fisher Body Corporation was completely liquidated is not controlling. The case differs from Banner Machine Co. v. Routzahn, 6 Cir., 107 F.2d 147, decided by this court November 9, 1939, where the amount of stock received was not substantial, and it was not received pursuant to a reorganization plan. A merger ordinarily is the absorption by one corporation of the properties and franchises of another whose stock it has acquired. Cortland Specialty Co. v. Commissioner, 2 Cir., 60 F.2d 937; Helvering v. Winston Bros. Co., 8 Cir., 76 F.2d 381, 382. In cases of merger, the merged corporation ceases to exist. While this was not strictly a merger, for assets were acquired by General Motors Corporation instead of stock, the deal partook of the nature of a merger within the definition in Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U.S. 462, 470, 53 S.Ct. 257, 77 L.Ed. 428. In the instant case, as in Helvering v. Minnesota Tea Co., 296 U.S. 378, 56 S.Ct. 269, 272, 80 L.Ed. 284, the transaction was no mere sale, "but partook of the nature of a reorganization, in that the seller acquired a definite and substantial interest in the purchaser." This is the primary requisite in order to constitute a reorganization under the statute. Helvering v. Winston Bros. Co., supra; C. H. Mead Coal Co. v. Commissioner, 4 Cir., 72 F.2d 22. As the transaction was in the nature of a merger, and the petitioners retained a substantial interest in General Motors Corporation, represented by the stock received by them, the transaction was non-taxable, and the basis of computing the gain upon the sale of the General Motors stock is the cost of the Fisher shares.

An additional cogent reason exists for affirming the order. The petition to review does not contest the validity of the deficiency assessment made by the Board. The petition filed before the Board attacked the propriety of the deficiency assessment made by the Commissioner in the amount of $100,597.83, for reasons which are not urged before this court. The Commissioner confessed error as to an item claimed to be deductible for charitable contributions and his action on this point was reversed, and a deficiency of $86,473.22 was assessed by the Board. This deficiency is not disputed. Petitioners in the amended petition in effect ask a refund, to be applied to the deficiency assessment which they do not question. They ask that they may be credited with overpayment made in previous years, in order to offset the correct amount found to be due, that is, they ask for equitable recoupment. They also contend that since they have at no time misrepresented, defrauded or misled the Commissioner, the Government is not harmed, and hence they are not precluded from asserting this claim. But the tax returns presented in the record show that the Government would be seriously prejudiced if petitioners were allowed to repudiate their previous position, for no gain was declared or taxed upon a transaction which cannot now be taxed because the time has expired. While petitioners' attempt to raise this new issue may not fall within the strict limitations of the doctrine of estoppel (Cf. Dickerson v. Colgrove, 100 U.S. 578, 25 L.Ed. 618), an affirmance of the order is required under a broader principle. Refund cases are in the nature of an action for money had and received, and like it are governed by equitable principles. Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265; Routzahn v. Willard Storage Battery Co., 6 Cir., 65 F.2d 89, 92. A claim in the nature of a refund, as is this affirmative claim for equitable recoupment, should likewise not be allowed to create an unjust enrichment in favor of the taxpayer at the expense of the Government. Since appellants are urging an equitable right of recoupment, this right should not be allowed where fundamental principles of fairness preclude it.

The order is affirmed.