## SIMONS BRICK CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6082.

Circuit Court of Appeals, Ninth Circuit.

Nov. 24, 1930.

I. Blair Evans, of Pasadena, Cal., for Petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, John H. McEvers and John MacC. Hudson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Dewitt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C.), for respondent.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

Petitioner is a California corporation engaged in the business of manufacturing brick and tile. Prior to March 1, 1913, the corporation had acquired four tracts of clay land. The present controversy relates solely to the proper rate at which the allowance for depletion of these lands shall be computed. The Board of Tax Appeals determined that a reasonable allowance for depletion was $.0444 per ton. The petitioner claims a rate of $.14.

The applicable statute is section 234(a)(9), Revenue Acts of 1918 and 1921 (40 Stat. 1077 and 42 Stat. 254), which provides:

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: ⸗ ※ ⸗

"(9) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: Provided, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date. ※ ※ ※"

58

All of the factors necessary to the computation of the depletion allowance are stipulated to, except the value of the four tracts of land referred to above on March 1, 1913. The Board found the land to have a value of $725 per acre as of that date; the petitioner would fix the value at $2,286.66 per acre.

The finding as to the value of these lands was a finding of fact. Heiner v. Crosby (C. C. A.) 24 F.(2d) 191. The decision of the Board of Tax Appeals will therefore not be disturbed if there is any substantial evidence to support it. Bedell v. Commissioner (C. C. A.) 30 F.(2d) 622; Royal Packing Co. v. Commissioner (C. C. A.) 22 F.(2d) 536.

The evidence shows that the four tracts were purchased separately between 1905 and 1912, at prices ranging from $138 to $725 per acre. The four pieces totaled 189 acres. The last purchase was of 50 acres on October 11, 1912; the price being $725 per acre. Joseph Simons, president of petitioner at the time of this purchase, testified that he conducted the negotiations leading up to this purchase; that he considered that he "paid all it was worth"; and that he considered the March 1, 1913, value to have been approximately the same. The seller of the tract was a cattle company, which, however, was apparently fully aware that it was selling this property, not for grazing land, but for a reserve clay supply for brickmaking purposes, as the deed conveying title contained a restriction against the use of the property for brickmaking for a period of five years. The tract adjoined 100 acres of land bought by petitioner in 1906, upon which a plant was situated at the time of the purchase. The parties to the sale dealt at arm's length, both willing, but neither compelled to buy and sell. The clay deposits in the various tracts being substantially similar, the Board valued all of the lands as of March 1, 1913, on the basis of the price paid for something more than one-fourth of the acreage five and a half months prior to that date. There is additional evidence in the record, some of it from petitioner, as to the value of these properties at later dates and the cost of subsequent acquisitions which affords a check upon the value found as of March 1, 1913, and which corroborates the finding.

Petitioner, however, contends that the value thus found represents the value of "surface acreage" only, and not the value of the actual clay deposit. To determine this value, petitioner makes a computation based upon what is known as Hoskold's formula, attempting to establish the factors necessary to the calculation, chiefly by proving various retail sales of raw clay prior to March 1, 1913. This computation gives the higher figures for the acreage value in 1913 for which petitioner contends. But, whatever the value of this formula may be in cases where there is no other evidence of the value of deposits of minerals, etc., in place, and where the necessary factors are more clearly proved than in this case, this is not a case for its application. Here there is other evidence of a definite character as to the actual value of the clay lands on March 1, 1913, and this evidence, although it measures the value by price per acre, is not confined to what petitioner calls "surface acreage," but includes the worth of the clay deposits, as is apparent from the summary of evidence given above.

The finding of the Board is supported by substantial evidence. The decision is affirmed.