## ATLAS PLASTER & FUEL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5799.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1932.

Camden R. McAtee, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief), for petitioner.

Randolph Shaw, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and William E. Davis, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

The respondent, Commissioner of Internal Revenue, found a deficiency in income taxes against petitioner, Atlas Plaster & Fuel Company, in the sums of $448.34, and $2,959.39 for the years 1923 and 1925 respec-

tively. Petitioner sought a redetermination by the Board of Tax Appeals.

Respondent moved a dismissal of its petition because it did not conform to rule 5 of the Board. The Board denied this motion, but on November 5, 1927, petitioner by permission filed an amended petition styled "Amended and Supplemental Petition" in which it sought a redetermination of the deficiency for 1925 only. Respondent answered this amended and supplemental petition.

**As to the year 1923:** At the close of the hearing before the Board, respondent moved a dismissal of the appeal, in so far as it related to the year 1923, and a confirmation of the finding that there was a deficiency for said year in the sum of $448.34. Petitioner could not effectively object to the amount of said deficiency because it had not attempted to show that the Commissioner was wrong, but it primarily took the position that the matter of taxes for 1923 was not then before the Board at all, that the amended and supplemental petition filed November 5, 1927, dealing with taxes for 1925 only, had superseded the original petition, and that the complaint touching the taxes for 1923 had been abandoned since that date. It further insisted that, excluding the time during which the original petition was before the Board, to wit, from July 20, 1927, until November 5, 1927 (see Revenue Act of 1926, c. 27, § 274 (a) and § 277 (b), 26 USCA §§ 1048, 1057 (b), the limitation period of four years within which any assessment could be made had expired.

We do not find it necessary to consider whether as a matter of technical pleading, either at equity or in law, an amended and supplemental petition supersedes the original entirely or whether it becomes incorporated with and is a continuation thereof. We are not confronted with such question. We are concerned only with the practice and procedure of the Board of Tax Appeals established by its rules pursuant to section 907 (a) of the Revenue Act of 1924 as amended by section 1000 of the Revenue Act of 1926 (26 USCA § 1219 note). Rule 7 thereof provides for the filing of an original petition, while rule 18, under the caption "Amended and Supplemental Pleadings," regulates the amendment of petitions. We do not think that it was ever contemplated by these rules that amended and supplemental petitions should supersede or destroy the initial one. Obviously the purpose of amended and supplemental pleadings is to provide a method by which imperfections in the frame or struc-

ture of the original petition might be remedied.

We conclude that the issue made by the original petition as amended and the answer as amended was pending before the Board at the time of its final decision confirming the tax deficiency found by the Commissioner for 1923 (see Capital Bldg. & Loan Ass'n v. Com'r, 12 B. T. A. 349), and no error appearing the order of the Board is affirmed.

**As to the year 1925:** Under the provisions of the Revenue Act of 1921, c. 136, § 234 (a) (1) (42 Stat. 254), petitioner, in computing its net income for 1925, deducted $24,600 and $15,880 as salary for and compensation to William Selke, its president, and Lydia Selke, its secretary-treasurer, respectively. The Commissioner disallowed $12,000 and $8,400 respectively of these deductions upon the ground that they were excessive. The Board upheld the Commissioner, and its finding must prevail, unless the evidence clearly and convincingly requires a contrary conclusion. Tracy v. Com'r, 53 F. (2d) 575, 579 (C. C. A. 6); Guarantee Bond & Mtg. Co. v. Com'r, 44 F.(2d) 297, 298 (C. C. A. 6).

Petitioner, a corporation, was organized in 1907 with a capital stock of $10,000. Subsequently Wm. Selke bought 51 shares, a controlling interest, for $5,100. Thereafter he purchased the balance of the stock. The business consisted of mixing and selling plaster. It was not successful until 1922, but thereafter it paid 6 per cent. dividends. During the years 1923, 1924, and 1925 its stock was owned in the following proportions: Wm. Selke, 48 shares; Lydia Selke, 49 shares; and a Mr. Hopper, vice president, 3 shares. Gross sales, salaries, and net income after deducting salaries for those years are set out in the margin.[1] The Department increased the net income for 1925 from $12,191.22 to $12,555.87. This net income with the salaries claimed would amount to $53,235.87 of which the salaries alone would constitute 76.4 per cent. The salaries alone would constitute 324 per cent. of the net income. The table indicates that, although the net income in 1925 was nearly $2,000 below that of 1923, the salary of the president was increased $12,000,

| [1] | 1923 | 1924 | 1925 |
|---|---|---|---|
| Gross sales | $168,392.99 | $205,281.71 | $301,644.20 |
| Net income | 14,142.00 | 18,671.42 | 12,191.22 |
| Salaries | | | |
| President | 12,600.00 | 12,600.00 | 24,600.00 |
| Secretary-Treasurer | 1,480.00 | 7,480.00 | 15,880.00 |
| Vice-President | 200.00 | 200.00 | 200.00 |

and that of the secretary-treasurer $14,400. It is shown that both Wm. Selke and Lydia Selke, his wife, devoted themselves exclusively and faithfully to the service of petitioner, and that Wm. Selke aided it with his personal credit, but this does not show that the amounts paid them for their services in 1925 constituted "ordinary and necessary expenses." See Botany Worsted Mills v. U. S., 278 U. S. 282, 293, 49 S. Ct. 129, 133, 73 L. Ed. 379.

In determining whether salaries are excessive, the Board of Tax Appeals must necessarily exercise its own judgment and discretion,—reasonable allowances cannot be ascertained with mathematical precision. Every case must stand upon its own peculiar facts and circumstances. We are not justified in declaring that the Board of Tax Appeals was wrong, and its order confirming the finding of the Commissioner as to the deficiency for the year 1925 is affirmed.