## TUMWATER LUMBER MILLS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7094.

Circuit Court of Appeals, Ninth Circuit.

June 12, 1933.

Raymond G. Wright, H. B. Jones, and Robert E. Bronson, all of Seattle, Wash., for appellant.

Sewall Key and John MacC. Hudson, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, and Philip A. Bayer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, MACK, and GARRECHT, Circuit Judges.

MACK, Circuit Judge.

Petitioner seeks review of a decision of the Board of Tax Appeals affirming the determination of the Commissioner of a deficiency in its income tax for 1925. The alleged deficiency results from the Commissioner's disallowance of an item of $21,225 paid by petitioner to its stockholder-employees as a bonus and deducted as an expense of its business under section 234 of the Revenue Act of 1926.[1]

The sole issue before the Board was the factual question whether or not this was "a reasonable allowance for salary or other compensation for personal services actually rendered."

■ The Board's decision on such a question of fact must stand unless it is clearly contrary to the evidence. See American Savings Bank & Trust Co. v. Burnet, 45 F.(2d) 548 (C. C. A. 9, 1930); Simons Brick Co. v. Commissioner, 45 F.(2d) 57 (C. C. A. 9, 1930); Atlas Plaster & Fuel Co. v. Commissioner, 55 F.(2d) 802 (C. C. A. 6, 1932).

The evidence is not in dispute. We state it briefly. Petitioner, a family corporation whose stock has been held since 1920 in equal shares by the six Anderson brothers, was organized by three of them in 1919. In 1925 the company was engaged in the manufacturing of lumber, in logging, in building and construction, in drafting plans for houses, and the manufacture and erection of ready-cut houses.

The management of and the executive duties in connection with the operation of the business were divided among the six brothers. All of these stockholder-employees devoted their entire working time to the business during the months they were employed. Although they co-operated with one another in their work, each had charge of a certain department.

When incorporated, petitioner had only a small capital. In its early years the brothers withdrew only living expenses, then small salaries which in 1924 were considerably increased. In January, 1925, the following resolution was approved by the trustees of

the company: "Resolved: That in view of the nominal salaries paid in the past and the excessive and unusual amount of time and energy expended by the stockholders in carrying out the business of the company, the trustees be empowered to grant a bonus each year to each of the stockholders employees in an amount not in excess of 75% of their salaries. Payment to be made in any manner deemed proper by the trustees."

On the 31st day of December, 1925, the following bonuses were granted to the six stockholder employees:

| | |
|---|---|
| Sten Anderson | $3,375.00 |
| Olaf Anderson | 2,250.00 |
| Arthur Anderson | 2,550.00 |
| Edward Anderson | 4,050.00 |
| Karl Anderson | 4,500.00 |
| Ossian Anderson | 4,500.00 |

No other employee received any bonus. The brothers received no compensation apart from the bonus and salary. They had no expense account and each operated his automobile in the company's business at his own expense. No dividend has ever been declared by the company.

All of the brothers had a high school education and some at least had additional training. Sten Anderson had taken a four-year engineering course. Just prior to connection with the petitioner he was employed by the Westinghouse Mfg. Company at a salary of $9,000. Olaf had been trained in mechanical and general drafting work. Arthur, too, had taken up drafting. He, as well as Edward and Karl, had had previous experience in the general building and contracting business. Ossian had previous experience in the logging and lumber business.

During 1925 petitioner's sales amounted to about $647,000; its net income, after deducting the salaries, but without allowance for bonuses, was about $48,500. It was a peak year in the business.

The amounts received by the brothers as salary from 1922 to 1925, inclusive, were as follows:

| | 1922 Salary | 1923 Salary | 1924 Salary | 1925 Salary |
|---|---|---|---|---|
| Sten | $2,100 | $2,400 | $6,000 | $3,600 |
| Olaf | 1,575 | 1,700 | 4,500 | 3,000 |
| Arthur | 2,100 | 2,400 | 3,600 | 3,600 |
| Edward | 2,100 | 2,400 | 6,000 | 5,500 |
| Karl | 2,100 | 2,400 | 6,000 | 6,000 |
| Ossian | 4,100 | 2,400 | 6,000 | 6,000 |

(The Board found that during 1925 the brothers were paid at the rate of $500 per month for time actually employed. Sten died in August, 1925; Olaf worked only six months; Arthur devoted much of his time to a subsidiary company.)

---

[1] The applicable provisions of the statute are as follows:

Section 234. "(a) In computing the net income of a corporation subject to the tax imposed by section 981 [230] of this title there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * * " 44 Stat. 9, U. S. C. App. title 26, § 986 (26 USCA § 986 (a) (1).

On this evidence, the Board held that petitioner had not sustained its burden [Botany Mills v. United States (1928) 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; A. David Co. v. Grissom (C. C. A. 4th, April 4, 1933) 64 F.(2d) 279], of proving that the bonuses were paid as reasonable compensation for services rendered, and not as mere gratuities or in the nature of dividends. In reaching its conclusion, the Board observed that there was neither evidence of the invested capital from which the return thereon could be determined nor any standard for judging the value of the services, such as salaries paid by other companies for similar services. Petitioner contends that such evidence is not essential. In some cases perhaps it is not. But as the court said in Atlas Plaster & Fuel Co. v. Commissioner, supra (C. C. A.) 55 F.(2d) 802, at page 804: "In determining whether salaries are excessive, the Board of Tax Appeals must necessarily exercise its own judgment and discretion,—reasonable allowances cannot be ascertained with mathematical precision. Every case must stand upon its own peculiar facts and circumstances."

In the present case the bonus was supported chiefly on the ground that in former years the brothers had withdrawn only living expenses or small salaries. But in 1924 there were salary increases averaging about 230 per cent. of the average of the two previous years. Approximately the same salary scale was in effect in 1925 as in 1924. In view of these substantial increases in salary in 1924 and 1925 over previous years, the Board was plainly justified in requiring a more satisfactory explanation of the 75 per cent. bonus than petitioner has offered.

Affirmed.