## CLINTON CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8959.

Circuit Court of Appeals, Seventh Circuit.

Dec. 24, 1946.

---

Joseph W. Townsend, Frank E. Collins, and Scott, MacLeish & Falk, all of Chicago, Ill., for petitioner.

Douglas W. McGregor, Sewall Key, A. F. Prescott, S. D. Hanson and Mrs. Muriel S. Paul, Dept. of Justice and J. P. Wenchel and Bernard D. Daniels, Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition for review of an order which determined that the taxpayer had made an overpayment of $101.48 in income tax for 1940, but which decided there were deficiencies in the taxpayer's income tax and excess profits tax return for 1941 amounting to $2,429.93 and $3,992.55 respectively. The Commissioner has not filed a petition for review of that portion of the decision unfavorable to him. The only question for our determination then is whether there was substantial evidence to support the Tax Court's decision affirming the Commissioner's determination, which decreased as unreasonable the taxpayer's claimed deduction of $12,000 for officers' salaries and bonuses, allegedly paid for services rendered during 1941. The taxpayer had claimed deductions under the applicable statute which permits deductions from gross income for "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *." Internal Revenue Code, as amended, 26 U. S.C.A. Int.Rev.Code, § 23(a) (1).

Taxpayer, an Illinois corporation, has its principal office and place of business in Chicago. It was and is engaged in the business of manufacturing and selling lacquers, paints, enamels, synthetics, stains, shellac, varnishes and adhesives. During the period in question, 80 percent of the stock of the corporation was closely held in a family unit by the two chief officers, who were brothers, and their mother, all of whom were directors. D. L. Clinton, who succeeded his father as president in 1938, was the corporation's star salesman and exercised direct supervision of the company's business. His brother, R. H. Clinton, Jr., also was an active and expert salesman, as well as the company's vice president and sales manager. In 1941, the compensation paid to D. L. Clinton consisted of a salary and bonus amounting to $28,800, an increase of $10,800 over the compensation received by him in 1940. R. H. Clinton, Jr., received total compensation in 1941 amounting to $26,600, an increase of $11,400 over the compensation received in 1940.

The Commissioner disallowed $6,000 each in the case of both officers on the grounds that these amounts were excessive and not reasonable allowances for services actually rendered during the taxable year.

The question of whether a salary and bonus is a reasonable allowance and therefore deductible as an ordinary and necessary business expense is one of fact, Levine & Bros. v. Commissioner, 7 Cir., 101 F.2d 391, and a finding on the reasonableness of salaries and other compensation

paid for which a deduction from the gross income is claimed, is conclusive if supported by any substantial evidence. Wilmington Co. v. Helvering, 316 U.S. 164, 62 S.Ct. 984, 86 L.Ed. 1352; Wagner & Son v. Commissioner, 9 Cir., 93 F.2d 816, 818. The Tax Court found as a fact that "A reasonable allowance for salaries to petitioner's president and vice-president for the year 1941 was not in excess of the amounts determined by the respondent." This finding was supported by substantial evidence. Petitioner takes exception to this finding as a conclusion which is not supported by the evidence, but we are unable to agree with this assertion. The admitted facts are that in allowing a salary deduction of $22,800 for D. L. Clinton and $20,600 for R. H. Clinton, Jr., the Commissioner approved, and the Tax Court affirmed, increases in compensation paid amounting to 26 percent and 35 percent respectively over the preceding year's compensation. The compensation paid to the officers in question increased generously and yearly from 1936 through 1941, while the petitioner was experiencing almost annually a formidable expanding volume of business. Its net sales climbed to a new high in 1941 with a total of $672,994.15 which far surpassed the 1940 net sales of $465,049.66, the previous high. Nevertheless, the question of the reasonableness of the compensation paid to corporate officers being one of fact only, the determination by the Tax Court, as we have observed, is binding upon this court when it is supported by substantial evidence. In view of the greatly increased compensation which was allowed as reasonable by the Tax Court, we feel secure in the belief that its finding, or, as taxpayer argues, its conclusion, was supported by substantial evidence, and must be accepted by us, John Kelley Co. v. Commissioner, 326 U.S. 521, 526, 698, 66 S.Ct. 299.

Section 19.23(a)-6 of Treasury Regulations 103 promulgated under the Code delimits the problem and provides: "(3) In any event the allowance for the compensation paid may not exceed what is reasonable under all the circumstances. It is in general just to assume that reasonable and true compensation is only such amount as would ordinarily be paid for like services by like enterprises under like circumstances."

The burden of proving whether the compensation paid during 1941 was reasonable and therefore deductible rests on the taxpayer. Botany Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 73 L.Ed. 379. The taxpayer did not meet this burden because though it was conceded the nature of petitioner's business was highly competitive, apparently no effort was made to compare its salaries with compensation paid to officers in similarly situated firms.

In urging reversal petitioner contends that the decision by directly opposite rulings is inherently inconsistent in respect to respondent's assessments for the years 1940 and 1941. The taxpayer asserts that its net sales were $465,049.66 in 1940 and that the Commissioner allowed as deductible officers' compensation of $35,250 or 7.58 percent of the year's net sales; that in 1941 its net sales were $672,994.15 and that the Commissioner allowed as deductible officers' compensation of $52,076.68 or 7.73 percent of the year's net sales. These assessments, the taxpayer says, were predicated upon a uniform and consistent formula, namely, about 7.5+ percent of the year's net sales. The Tax Court, however, overruled the Commissioner's determination for 1940 and declared that the compensation paid the two officers by the taxpayer was reasonable. These sums amounted to more than 11 percent of the net sales of 1940. By affirming the Commissioner's deductions for 1941, however, the court kept the compensation at 7.73 percent of the net sales of 1941. If the taxpayer did uncover the basis used by the Commissioner upon which the deductible compensation was figured, and which basis was not disclosed by the Commissioner, he still lacks a panacea. The Tax Court "must necessarily exercise its own judgment and discretion,—reasonable allowance[s] cannot be ascertained with mathematical precision." Atlas Plaster & Fuel Co. v. Commissioner, 6 Cir., 55 F.2d 802, 804; Tumwater Lumber Mills Co. v. Commissioner, 9 Cir., 65 F.2d 675. Moreover, our review extends merely to the question of the reasonableness of the compensation paid in 1941.

The decision of the Tax Court is affirmed.