**AL HAFT SPORT ENTERPRISES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 11164.

United States Court of Appeals Sixth Circuit.

May 16, 1951.

Roger K. Powell, Columbus, Ohio, (Roger K. Powell, Columbus, Ohio, on the brief), for petitioner.

Francis W. Sams, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, Lee A. Jackson and Francis W. Sams, all of Washington, D. C., on the brief), for respondent.

Before HICKS, Chief Judge, and SIMONS and McALLISTER, Circuit Judges.

HICKS, Chief Judge.

Petition by the Al Haft Sport Enterprises, Inc., a corporation, to review a decision of the Tax Court determining a deficiency in income tax for 1943, in the amount of $937.35; a deficiency in declared value excess profits tax for the same year in the amount of $861.24; and a deficiency in excess profits tax for the same year in the amount of $4,116.11, plus a penalty of $1,036.53.

In 1943 A. C. Haft, Jr., known as Al Haft, the Secretary-Treasurer and General Manager of petitioner, was paid a salary of $18,262.00. The Commissioner disallowed $8,262.00 of this salary and the Tax Court sustained this action of the Commissioner.

Before World War I Al Haft was a professional wrestler under the name of "Young Gotch." He later became a promoter of wrestling matches and prize fights. In 1934 he incorporated the petitioner with a paid in capital of $500. Petitioner issued ten shares of stock, all owned by Haft. Petitioner was in fact an alter ego for Haft.

The record discloses that on April 5, 1943, although Haft really owned the entire stock, the ostensible shareholders, namely, Haft, his wife, M. L. Haft, and one H. H. Hamer, who had for years been associated with Haft, had a shareholders' meeting and at this meeting these individuals elected themselves as the board of directors for that year. This meeting adopted the following resolution: "Resolved, that if any of the directors should be chosen as officers of the corporation, then the yearly salaries of such officers be hereby fixed as follows: President $5000, Vice-President $ none; Secretary-Treasurer $15,000."

Following this meeting, the directors so elected, held a meeting at which Hamer was elected president and Haft was elected secretary-treasurer. This procedure had been followed for preceding years since the organization of the corporation with the exception that in the earlier years other parties appeared as shareholders but in each year the salary of Al Haft as secretary-treasurer was fixed at $15,000. In addition to the $15,000 paid to Haft as secretary-treasurer for 1943, he was paid $3,262 as partial payment upon unpaid salaries for previous years, although the record does not disclose that this payment was ever authorized by the board of directors.

 We spend but little time with reference to the $3,262 payment. It was admittedly not a payment upon the salary of Haft for services incurred during the taxable year and was not therefore deductible under the statute. 26 U.S.C.A. § 23.

 The remaining question is, whether the $5,000 deducted by the Commissioner from the $15,000 salary paid to Haft for 1943 was a deductible item. The Tax Court held that it was not. The question of what constitutes reasonable compensation for services rendered to a corporation by one of its officers is purely a question of fact. Lydia E. Pinkham Medicine Co. v. Commissioner of Internal Revenue, 1 Cir., 128 F.2d 986, 145 A.L.R. 827; Twin City Tile & M. Co. v. Commissioner of Internal Revenue, 8 Cir., 32 F.2d 229, 231. We have said many times that in proceedings of this nature before the Tax Court the presumption is that the Commissioner was right and the taxpayer has the burden of proving that his determination was wrong and the findings of fact of the Tax Court may not be set aside unless they are clearly erroneous. Tennessee, A. & G. Ry. Co. v. Commissioner of Internal Revenue, 6 Cir., 1951, 187 F.2d 826. In Patton v. Commissioner of Internal Revenue, 6 Cir., 168 F.2d 28, 31, we pointed out some of the factors to be considered by the Tax Court in determining the reasonableness of compensation. These included, "The nature of the services to be performed, the responsibilities they entail, the time required of the employee in the discharge of his duties, his capabilities and training, and the amount of compensation paid in proportion to net profits." We also said: "Probably one of the most important factors in determining the reasonableness of compensation is the amount paid to similar employees by similar concerns engaged in similar industries."

There can be no doubt that due to his experience and training Haft was a capable promoter of prize fights and wrestling matches but the Tax Court justifiably found that the record failed to disclose his specific activities in the taxable year 1943. Further, the tax returns of petitioner for each year since its organization disclose a net loss for every year except 1936 and the taxable year 1943, and the net profit for 1943 was only $1,296.81.

In addition, the record discloses that there were a number of other promoters of wrestling, boxing and other similar sports that were available upon the question of reasonableness of compensation to Haft but none were called as witnesses.

 We think that petitioner has failed to carry the burden which the law imposes upon it to make out its case. Our conclusion is that the findings of the Tax Court are not clearly erroneous. This disposes of all questions raised in the briefs. The result is that the decision of the Tax Court is

Affirmed.

SIMONS, Circuit Judge, dissents.