**W. F. STRASBURGER and Mildred Strasburger, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15384.

United States Court of Appeals Sixth Circuit.

Feb. 10, 1964.

Sol Goodman, Cincinnati, Ohio, Stanley Goodman, Cincinnati, Ohio, on brief, for petitioners.

Richard J. Heiman, Department of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, Loring W. Post, J. Edward Shillingburg, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before MILLER, Circuit Judge, and WEINMAN and KAESS, District Judges.

PER CURIAM.

 The taxpayer, W. F. Strasburger, is engaged in the business of selling household appliances at retail; he also owns tenement buildings.[1] In July 1956, he contracted to buy all the stock in The Valley Exchange, Inc., which operated a restaurant, and also the real estate on which the restaurant was located. However, in closing the transaction, the taxpayer had the real estate conveyed to the corporation rather than to himself. The taxpayer contends that the purchase was handled this way in order to facilitate the retention or transfer of a liquor license held by the corporation. The total purchase price was $70,000—$15,000 for the stock of the corporation and $55,000 for the real estate. $10,000 was paid in cash. Both the corporation and the taxpayer individually signed a promissory note for the balance. A purchase money mortgage was executed by the corporation and promptly recorded. Thereafter the taxpayer claimed deductions on his 1956 and 1957 individual income tax returns for payments made for interest on the promissory note and taxes and repairs in connection with the real estate. The taxpayer contended that the corporation was to hold title merely and that he was to have beneficial ownership. The Tax Court rejected the contention as not supported by the evidence and entirely without merit. The taxpayer did testify that he regarded the real estate as being owned individually, and the terms of the contract suggest that at one time it was his intention to take the real estate in his own name. Upon review, we believe that the determination of the Tax Court must be upheld. The testimony is ambiguous at best, and it is well established that the burden of showing the right to an income deduction is on the taxpayer. See, e. g., Walker v. Commissioner, 6 Cir., 145 F.2d 602.

 The taxpayer contends that the use of a method of computing depreciation on tenement buildings for several years, upon the recommendation of an unidentified revenue agent, placed its correctness beyond dispute. The contention is without merit. Prior usage is not determinative because the taxpayer was required to modify his estimated remaining useful life on the basis of conditions known to exist at the end of the taxable year. Treas. Reg. § 1.167(a)—1(b). The determination of the Commissioner that the tenement buildings had a remaining useful life of eight years as of January 1, 1956, rather than six years, constituted a finding of changed conditions. The taxpayer presented no evidence to the contrary, although he had the burden of proving that the determina-

[1.] W. F. Strasburger is joined in this petition by his wife Mildred. For the sake of convenience, he will be referred to as the "taxpayer" since it is his activities that are primarily involved. A joint income tax return was filed for the years in issue.

tion of the Commissioner was incorrect. See Al Haft Sport Enterprises Inc. v. Commissioner, 6 Cir., 189 F.2d 384. The recommendation of a revenue agent, like the determination of the Commissioner, is subject to modification for changed conditions.

The decision of the Tax Court is affirmed.