**LAKEWOOD MANUFACTURING COM-PANY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent-Appellee.**

**Nos. 71–1223, 71–1224.**

United States Court of Appeals, Sixth Circuit.

Jan. 4, 1972.

William F. Snyder, Cleveland, Ohio, for petitioner-appellant; Marshman,

**452**

Snyder & Seeley, Cleveland, Ohio, on brief.

Robert S. Watkins, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before BROOKS, MILLER and KENT, Circuit Judges.

KENT, Circuit Judge.

This is an appeal by the Taxpayer from an adverse decision by the Tax Court.[1] The Taxpayer is a corporation, the stock of which is held by Stephen Peplin and the members of his family. The Taxpayer contests deficiencies in corporate income tax found by the Commissioner resulting from the Commissioner's determination that for the tax years ending May 31, 1962 through May 31, 1967, the salary deducted by the Taxpayer for compensation paid to Stephen Peplin as president was unreasonably high.

Effective June 1, 1959, Stephen Peplin was paid $60,000 as President of the company. One of his sons was paid $27,500 as Secretary of the company, and the other son was paid $27,500 as Treasurer of the company. On June 1, 1961, the salaries of the officers were changed. Stephen Peplin's salary was fixed at $80,000 annually and the salaries of his sons were fixed at $32,500. On January 1, 1967, the salaries were again adjusted; Stephen Peplin's salary was fixed at $60,000, and the salaries of his sons were fixed at $40,000. As shown, the sales and profits[2] of the company each increased substantially until a disastrous fire occurred on Octo-

ber 3, 1961. The dividends paid were as follows:

| Fiscal Year Ended | Dividends | Dividends Paid to S.C.P.* |
|---|---|---|
| May 31, 1959 | $ 4,000 | $ 3,000 |
| May 31, 1960 | —— | —— |
| May 31, 1961 | 12,000 | 9,000 |
| May 31, 1962 | 19,500 | 14,500 |
| May 31, 1963 | 4,875 | 3,625 |

(*) S.C.P. identifies Stephen C. Peplin.

Upon review of the Taxpayer's tax returns for the years in question the Commissioner determined, among other things, that for each of the taxable years ending May 31, 1962 through May 31, 1967, the salary paid to Stephen Peplin was unreasonably high, and determined further that the Taxpayer should not be allowed to deduct more than $60,000 of the salary paid to Stephen Peplin as a business expense for the years in question.

On the trial before the Tax Court only three witnesses were called for the Taxpayer and none for the Government. The Taxpayer called Stephen Peplin, President, one of his sons, Richard Peplin, Secretary of the corporation, and a management consultant, Mr. Richard M. Walker. The testimony of the corporate officers dealt with the activities of Stephen Peplin as President of the company with particular attention to the fact that he had built the company, that he was responsible for the sales and personally supervised production. However, Stephen Peplin testified that the company employed a full-time superintendent whose job it was to supervise plant production. With respect to the sales work, Stephen Peplin testified that the company preferred to have two or three customers and tried not to exceed a half

1. P–H Tax Ct.Mem. ¶ 70,133

2.

| Year Ending | Sales | Profits |
|---|---|---|
| 5/31/57 | $ 780,502.00 | $ 24,900.00 |
| 5/31/58 | 1,197,454.00 | 97,592.00 |
| 5/31/59 | 1,915,468.00 | 205,664.00 |
| 5/31/60 | 3,171,873.00 | 176,334.00 |
| 5/31/61 | 4,274,133.00 | 258,552.00 |
| 5/31/62 | $ 4,592,646 | $ 261,895 |
| 5/31/63 | 2,239,573 | (215,102) |
| 5/31/64 | 1,370,237 | (282,591) |
| 5/31/65 | 1,274,418 | (160,933) |
| 5/31/66 | 1,545,063 | ( 65,297) |
| 5/31/67 | 2,259,013 | 22,899 |
| 5/31/68 | 2,300,281 | 214,133 |
| 5/31/69 | 1,811,402 | 112,475 |

dozen. Stephen Peplin also testified as to his extensive activities in connection with the settlement with the insurance companies for the loss sustained as a result of the fire on October 3, 1961.

The Management Consultant in forming the opinion that Stephen Peplin's salary was reasonable relied upon the fact that other companies would under most circumstances have a sales manager, a production manager and other similar staff personnel. He pointed out that the salary paid to Stephen Peplin was substantially less than would have been required to compensate the staff members whom he found present in other companies.

■ The scope of appellate review in tax disputes has been determined by the Supreme Court of the United States in Commissioner v. Duberstein, 363 U.S. 278, 290, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), as follows:

> But the question here remains basically one of fact, for determination on a case-by-case basis.

> One consequence of this is that appellate review of determinations in this field must be quite restricted. Where a jury has tried the matter upon correct instructions, the only inquiry is whether it cannot be said that reasonable men could reach differing conclusions on the issue. Baker v. Texas & Pacific R. Co., *supra*, at 228. Where the trial has been by a judge without a jury, the judge's findings must stand unless "clearly erroneous." Fed.Rules Civ.Proc., 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746. The rule itself applies also to factual inferences from undisputed basic facts, id., at 394, 68 S.Ct. 525,

92 L.Ed. 746, as will on many occasions be presented in this area. Cf. Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609–610, 70 S.Ct. 854, 94 L.Ed. 1097. And Congress has in the most explicit terms attached the identical weight to the findings of the Tax Court. I.R.C., § 7482(a).

and this Court has long recognized that the issue of the reasonableness of the compensation of corporate officers is a question of fact; Al Haft Sport Enterprises v. C. I. R., 189 F.2d 384 (6th Cir., 1951); Wright-Bernet, Inc. v. C. I. R., 172 F.2d 343 (6th Cir., 1949); Roth Office Equipment Co. v. Gallagher, 172 F.2d 452 (6th Cir., 1949); Mayson Mfg. Co. v. C. I. R., 178 F.2d 115 (6th Cir., 1949), and the other Circuits are in accord. Golden Construction Co. v. C. I. R., 228 F.2d 637 (10th Cir., 1955); Huckins Tool and Die, Inc. v. C. I. R., 289 F.2d 549 (7th Cir., 1961); Perlmutter v. C. I. R., 373 F.2d 45, (10th Cir., 1967). The factors to be considered in determining the reasonableness of compensation paid to corporate officers are set forth in Patton v. C. I. R., 168 F.2d 28, 31 (6th Cir., 1948):

> There is no hard and fast rule by which reasonableness of compensation may be determined by the Tax Court. Every case must stand or fall upon its own peculiar facts and circumstances. Among other factors to be considered by that Court are: The nature of the services to be performed, the responsibilities they entail, the time required of the employee in the discharge of his duties, his capabilities and training, and the amount of compensation paid in proportion to net profits. An exclusive function of the Tax Court is the determination of the weight and credibility to be given to the witnesses.

> \* \* \* \* \* \*

> Probably one of the most important factors in determining the reasonableness of compensation is the amount

paid to similar employees by similar concerns engaged in similar industries.

Additional factors appropriate for considerations are stated in Mayson Mfg. Co. v. C. I. R., 178 F.2d 115, 119 (6th Cir., 1949):

Although every case of this kind must stand upon its own facts and circumstances, it is well settled that several basic factors should be considered by the Court in reaching its decision in any particular case. Such factors include the employee's qualifications; the nature, extent and scope of the employee's work; the size and complexities of the business; a comparison of salaries paid with the gross income and the net income; the prevailing general economic conditions; comparison of salaries with distributions to stockholders; the prevailing rates of compensation for comparable positions in comparable concerns; the salary policy of the taxpayer as to all employees; and in the case of small corporations with a limited number of officers the amount of compensation paid to the particular employee in previous years.

The burden is on the taxpayer to prove that the Commissioner's determination of what is reasonable compensation is incorrect. As stated by the Court in Miles-Conley v. C. I. R., 173 F. 2d 958, 960 (4th Cir., 1949):

The Commissioner's determination as to what constituted a reasonable compensation to A. Carlisle Miles, however, carried with it a clear presumption of correctness and the burden was upon the Taxpayer to show error in that determination.

See also Charles McCandless Tile Service v. United States, 422 F.2d 1336, 191 Ct.Cl. 108 (1970), and Al Haft Sport Enterprises v. C. I. R., 189 F.2d 384 (6th Cir., 1951).

The Taxpayer claims that the failure of the Government to call witnesses to rebut the testimony for the Taxpayer requires that the Tax Court resolve the issue in favor of the Taxpayer. This is not the law. In a case dealing with a different aspect of the tax law this Court has said in Goldman v. C. I. R., 388 F.2d 476, 479, (6th Cir., 1967):

Petitioner argues that since this testimony was not rebutted the Tax Court was required to accept it. This position is clearly untenable since the trier of fact has always the duty to weigh the evidence presented and has the right to accept or reject such evidence. See Quock Ting v. United States, 140 U.S. 417, 11 S.Ct. 733, 851, 35 L.Ed. 501 (1891); Sheppard v. Maxwell, 346 F.2d 707, 726 (6th Cir. 1965), rev'd on other grounds, 384 U. S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Hasson v. Commissioner of Internal Revenue, 239 F.2d 778 (6th Cir. 1956).

In its decision the Tax Court stated as its reasons for finding for the appellee that the Taxpayer had failed to carry the burden of proof because of the lack of clarity as to Stephen Peplin's precise duties and because it received little assistance from the testimony of the Taxpayer's expert witness. On the facts as presented we cannot say that the conclusion of the Tax Court, that the Taxpayer, Lakewood Manufacturing Company, did not meet its burden of proof, is clearly erroneous.

The judgment of the Tax Court is affirmed.