627 F.2d 1091
 80-2 USTC P 9702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Knodel-Tygrett Company, Plaintiff-Appellant
v.
United States of America, Defendant-Appellee.
 No. 78-3529.
 United States Court of Appeals, Sixth Circuit.
 August 20, 1980.
 
 1
 Before LIVELY and JONES, Circuit Judges and LAMBROS, District Judge.*
 
 Order
 
 2
 Plaintiff appeals from an Order of the Southern District of Ohio dismissing its complaint for a refund of taxes assessed by the Commissioner of Internal Revenue because of the partial disallowance of a deduction for salaries paid to two of plaintiff's officer-shareholders. We affirm.
 
 
 3
 I. Plaintiff is a corporation engaged in the wholesale distribution of appliances and floor coverings. During its fiscal years 1968 and 1969, plaintiff's gross sales were approximately $13,000,000 and $18,000,000, respectively.
 
 
 4
 Harry F. Knodel, President, and James H. Tygrett, Vice President, each received $146,901.98 and $142,026.77 total compensation in 1968 and 1969, respectively. On audit, the Commissioner determined the compensation paid by plaintiff to Knodel and Tygrett was unreasonable to the extent of $71,003.98 and $61,269.67 in 1968 and 1969, respectively. Plaintiff paid the deficiency and filed a claim for a refund. On denial of the claim, a complaint was filed in district court for a refund of the additional taxes paid.
 
 
 5
 II. It is well established that the Commissioner's assessment is presumptively correct. Thus, the taxpayer (plaintiff) must establish the reasonableness of compensation it paid by a preponderance of the evidence. Lakewood Manufacturing Co. v. Commissioner, 453 F.2d 451, 453 (6th Cir.1972). To meet this burden, plaintiff primarily relied upon the testimony of its expert witness that the compensation paid to Knodel and Tygrett was reasonable. This, however, was rebutted by the government's evidence of compensation paid to similar employees by plaintiff's chief competitor. In addition, the weight given to plaintiff's expert's testimony must be determined by an analysis of the compensation actually paid to Knodel and Tygrett. The reasonableness of an employee's compensation is determined according to: (1) the nature of the services performed and responsibilities they entail; (2) the amount of compensation paid in proportion to net profit; (3) comparison of salaries paid with distributions to stockholders; and (4) compensation paid to similar employees by similar concerns engaged in similar industries. Patton v. Commissioner, 168 F.2d 28 (6th Cir.1948).
 
 
 6
 The district judge, after careful consideration, concluded that plaintiff had failed to meet its burden of establishing the reasonableness of Knodel's and Tygrett's compensation. Upon review of the record, briefs, and oral argument in this case, we conclude the district judge's finding is not clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 291 (1960).
 
 
 7
 Accordingly, the Order of the district court is AFFIRMED.
 
 
 
 *
 Honorable Thomas D. Lambros, District Judge, United States District Court for the Northern District of Ohio, sitting by designation